IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUINTIN KELLY, #352736  *
    Petitioner,
    v.  * CIVIL ACTION NO. RDB-17-2330

WARDEN FRANK B. BISHOP, JR.  *
JOHN MCCARTHY, *State's Attorney*
ATTORNEY GENERAL OF MARYLAND  *
    Respondents.
               *****

## MEMORANDUM

**I.    Procedural History**

A brief overview of Petitioner Anthony Quinten Kelly's ("Kelly") writ history in the Court is required. On August 14, 2009, Kelly filed a 28 U.S.C. § 2254 "Emergency" Petition for habeas corpus relief raising a direct attack on his 2008 convictions on murder, rape, and other related offenses arising out of three separate trials in the Circuit Court for Montgomery County.[1] *See Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 (D. Md.). The matter was fully briefed and on November 19, 2009, the Petition was dismissed without prejudice for the failure to exhaust state court remedies as to all three convictions. Certificates of appealability and the appeals which followed were denied.

On January 28, 2011, the Court received three Petitions for writ of habeas corpus representing Kelly's attempt to re-file a 28 U.S.C. § 2254 attack on each of his three 2008

---

[1] *See State v. Kelly*, Criminal No. 96433C, *State v. Kelly*, Criminal No. 97749C, and *State v. Kelly*, Criminal No. 97760C (Circuit Court for Montgomery Cty.).

convictions. *See Kelly v. Shearin, et al.*, Civil Action Nos. AW-11-262, AW-11-263 & AW-11-264.[2] The cases were consolidated and, after briefing, the Petitions were dismissed without prejudice for non-exhaustion of remedies. Certificates of appealability were denied. The Fourth Circuit subsequently denied certificates of appealability and dismissed the appeal.

On August 11, 2017,[3] the Court received the above-captioned case, representing Anthony Kelly's ("Kelly") most recent 28 U.S.C. § 2254 attack on one of his three 2008 convictions in the Circuit Court for Montgomery County. The instant case attacks Kelly's convictions on first-degree murder, burglary, armed robbery, theft, and use of a handgun in *State v. Kelly*, Case No. 97749C. As best determined by the Court, the Petition sets out the following grounds:

I. The jury instructions were unconstitutional because the trial judge did not inform the jury that the prosecution must prove all crucial elements of guilt beyond a reasonable doubt and the instructions did not inform the jury that the prosecution must overcome a presumption of innocence in order to convict Kelly;[4]

II. The trial judge gave the jury an unconstitutional "defective" reasonable doubt instruction in violation of his Fifth and Sixth Amendment rights;

III. Kelly was denied a fair trial as the trial court "improperly restricted" his right to present evidence of "significant probative value;"

IV. Kelly's convictions were based on evidence known to be false;

---

[2] With the retirement of Judge Alexander Williams, Jr. in January of 2014, Kelly's cases were assigned to the undersigned judge.

[3] The petition is dated August 4, 2017, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

[4] In his "supporting facts" related to this ground Kelly claims the indictment was flawed because it did not discuss how the victim was murdered and thus did not "include all elements of the double homicide." ECF No. 1, p. 3.

V. Kelly is "actually innocent" of committing the charged crime;

VI. The trial judge showed bias towards Kelly both before and during trial;

VII. Montgomery County Police had no probable cause to obtain an arrest warrant against Kelly;

VIII. The state and trial court forced and threatened Kelly's wife to testify against Kelly;

IX. The jury instructions were unconstitutional because the trial court misled the jury into believing that Kelly committed the crimes of burglary, robbery and murder which were not charged in this case; and

X. The jury instructions were unconstitutional because the trial court misled the jury into believing that Kelly fled the crime scene the day of the homicide and to this date Montgomery County Police do not know who committed the double homicide

ECF No. 1, pp. 2-10.

Respondents argue that the Petition is subject to dismissal because the grounds are unexhausted and/or time-barred. ECF No. 4. Kelly has filed a Traverse[5] (ECF No. 5), along with a number of letters,[6] and several "Emergency" Motions seeking a Speedy Ruling, Release, Partial Judgment under Rule 54, an Evidentiary Hearing, and Reassignment of the Case to a Different Judge, all filed after Respondents' Answer. ECF Nos. 7-11. For reasons to follow, Kelly's Motions shall be denied and the Petition shall be DISMISSED as time-barred.

---

[5] The legal definition of a Traverse is "the formal denial of a fact in the opposite party's pleading." *See* https://legal-dictionary.thefreedictionary.com/traverse. Kelly's Traverse may be viewed as a Reply to Respondents' Answer.

[6] The letters request an update regarding the status of the case, as well as Kelly's request for an evidentiary hearing, reassignment of the case and copy work. Kelly's correspondence further presented his grounds for argument at Kelly's "upcoming" evidentiary hearing and discussed the alleged activities of North Branch Correctional Institution staff. ECF Nos. 6, 12-14 & 16-21.

## II. Motion for Reassignment

The Court observes that's Kelly's previous federal habeas corpus cases were assigned to Judge Alexander Williams, Jr., who issued the dispositive Memoranda and Orders which dismissed those Petitions. The undersigned judge did not have any involvement with Kelly's cases until after Judge Williams' 2014 retirement. Kelly nonetheless claims that the undersigned "has a strong personal interest" in this case and has "substantial difficulty putting out of his mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected." ECF No. 16, p. 2. He questions the court's competency and impartiality. *Id.* Kelly requests that the case be reassigned to a different judge.

Plainly, the undersigned did not take part in decisions related to Kelly's previous Petitions and Kelly's cases have already been assigned to a different judge. In spite of that lack of involvement and reassignment, the Court shall examine the Motion under the applicable standard. The undersigned's Kelly's Motion, construed as a motion for recusal, shall be denied. To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In other words, it must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). Therefore, on their own, judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994) (internal quotation marks omitted). Moreover, opinions formed by the judge during the current proceeding, or a prior one, do not generally warrant recusal. *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). A judge is neither

required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation," nor "simply because [he] possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal citation omitted).

Finally, the judge against whom the affidavit of bias is filed may rule on its legal sufficiency. *See Marty's Floor Covering Co., Inc. v. GAF Corp.*, 604 F.2d 266, 268 (4th Cir. 1979) (internal citation omitted). The affidavit shall be construed "strictly against the movant to prevent abuse." *United States v. Miller*, 355 F.Supp.2d 404, 405 (D. D.C. 2005). Kelly has not presented an affidavit which points to an extra-judicial source of alleged bias. He has failed to articulate a claim that demonstrates a need for recusal.

### III. State Court Record

The record presented to the Court shows that in May of 2003, Kelly was charged in the Circuit Court for Montgomery County with first-degree murder, burglary, armed robbery, theft, and use of a handgun in *State v. Kelly*, Case No. 97749C. At the conclusion of pre-trial proceedings, on June 3, 2004, Kelly was declared incompetent to stand trial. ECF No. 4-1, pp. 40-41. On February 5, 2008, at the conclusion of a subsequent competency hearing, Circuit Court Judge Durke G. Thompson determined that Kelly was competent to stand trial. *Id.*, p. 58. On August 4, 2008, a jury found Kelly guilty of two counts of first-degree murder, first-degree burglary, armed robbery, and two counts of use of a handgun in the commission of a felony or crime of violence. *Id.*, pp. 94-95. On September 8, 2008, Judge Thompson sentenced Kelly to two consecutive life without parole sentences for the first-degree murders, plus an additional 80

years in prison on the remaining offenses, to be served consecutive to each other and to Kelly's other sentences. *Id.*, p. 97.

Kelly noted an appeal to the Court of Special Appeals of Maryland. ECF No. 4-1, p. 99. The appeal was dismissed on grounds of non-compliance with the rules of appellate procedure. Kelly's petition for writ of certiorari was denied by the Court of Appeals of Maryland on July 22, 2009. *Id.*, p. 101. According to Respondents, Kelly's reconsideration request was denied by the Court of Special Appeals on or about August 31, 2009. *Id.*, p. 102. Respondents argue that Kelly's conviction became final for direct review purposes on October 19, 2009. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

Respondents maintain and Kelly does not dispute that on September 13, 2010, he filed a petition for post-conviction relief, which was withdrawn by Circuit Court Judge John Debelius, III at Kelly's request on December 16, 2010. *Id.*, pp. 104-105. Kelly has not further pursued post-conviction relief in *State v. Kelly*, Case No. 97749C, but did submit a petition for habeas corpus "ad subjectendum" and an application for issuance of a writ of habeas corpus on February 8, 2011, which were denied by Judge Debelius that same date. *Id.*, pp. 106-107. Kelly filed two other applications for issuance of a writ of habeas corpus on March 7, 2011, which were denied by Judge Debelius on that same date. *Id.*, pp. 107-108. On April 18, 2017, Kelly filed a motion to correct an illegal sentence, which was denied by Judge Debelius on May 11, 2017. *Id.*, p. 110. Kelly filed yet another application for issuance of a writ of habeas corpus on

May 11, 2017, which was denied by Circuit Court Judge Ronald B. Rubin on May 18, 2017. *Id.* 110-111. His appeal was dismissed by the Court of Special Appeals of Maryland. A recent review of the state court docket shows that Kelly has filed no further post-conviction motions seeking to vacate his convictions and sentences. *See State v. Kelly*, Case No. 97749C (Circuit Court for Montgomery Cty.).[7]

In his Traverse, Kelly contends that his custody is unconstitutional. He alleges that he filed a petition for writ of habeas corpus in the Circuit Court for Montgomery County on May 17, 2017 and requests an evidentiary hearing in this case. ECF No. 5, p. 2. Kelly appears to allege that this Court did not notify him of the "stay and abeyance procedure" related to unexhausted claims and this Court is obligated to look beyond a "state procedural forfeiture" and to consider a State prisoner's contention that his constitutional rights have been violated. *Id.*, p. 3. Kelly further argues that the Court may resolve constitutional claims without deference to the Anti-Terrorism and Effective Death Penalty Act (AEDPA). He later states that under the AEDPA, a federal court "may grant habeas relief, as relevant, only if the state courts 'adjudication of a claim on the merits...resulted in a decision that... involved an unreasonable application ' of the relevant law." He contends that the AEDPA controls the disposition of this case and the State court decisions denying his habeas claims were contrary to and resulted from an unreasonable determination of clearly established law. *Id.*, pp. 3-4.

## IV. Limitations Period

Respondents argue that the Petition is time-barred. A one-year statute of limitations

---

[7] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? (last reviewed April 13, 2018).

applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelly's conviction became final for direct appeal purposes on October 19, 2009, when the time for filing his petition for writ of certiorari with the U.S. Supreme Court expired. The one-year limitations period began to run on October 20, 2009. Even assuming that Kelly's September 13, 2010 filing of a post-conviction petition tolled the limitation period, the one-year limitation clock started to run anew on December 16, 2010, when Judge Debelius granted Kelly's motion to withdraw the post-conviction petition. Consequently, well over one year

expired where Kelly had no proceedings in state court that would have tolled the limitation period.[8]

Under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011). However, the Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation—between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Kelly raises no grounds for equitable tolling. His petition for habeas corpus relief is time-barred under 28

---

[8] In November of 2009 and 2011, the Court previously advised Kelly of the need to exhaust his remedies in state court by post-conviction petition. See *Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 and *Kelly v. Shearin, et al.*, Civil Action No. AW-11-262, *et seq*. While Kelly did file a post-conviction petition in September of 2010, it only remained pending for 91 days or until December 16, 2010. Kelly's subsequent filing of a motion to correct an illegal sentence and petitions for habeas corpus relief in 2011 and 2017 do not protect him from the limitations' bar.

U.S.C. § 2244(d)(1)(A)-(D) and shall be dismissed and denied with prejudice.

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a Certificate of Appealability before an appeal can proceed.

A Certificate of Appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id.* at 478; *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). .

Kelly's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a Certificate of Appealability. Kelly may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a Certificate of Appealability after the district court declined to

10

issue one).

## VI. Conclusion

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice as time-barred[9] and declines to issue a Certificate of Appealability.[10] A separate Order shall issue.

Date: April 18, 2018

                                                                    /s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[9] Given the untimeliness of the Petition, the Court need not address Respondents' non-exhaustion argument.

[10] In light of the decision to dismiss the Petition as time-barred, Kelly's "Emergency" Motions for a Speedy Ruling, Release, Partial Judgment, and Evidentiary Hearing (ECF Nos. 7-10) shall be denied.